Alexander Del Giorno, J.
The State of New York has moved to dismiss the within action on the ground that the claim has been released as a consequence of claimant’s having accepted and deposited the final payment check. In support of the motion the State relies upon the final payment provision of the Public Works Specifications of January 2,1962, which reads as follows:
u Acceptance of Final Payment. The acceptance by the Contractor, or by anyone claiming by or through him, of the final payment shall constitute and operate as a release to the State from any and all claims of any liability to the Contractor for anything theretofore done or furnished for or relating to or arising out of the work done thereunder, and for any prior act, neglect, or default on the part of the State or any of its officers, agents, or employees, excepting only a claim against the State for the amounts deducted or retained in accordance with the terms and provisions of the contract, and excepting a claim for delay or one arising from i Disputed Work ’ as set forth in a preceding paragraph and filed in a signed statement form with the Superintendent.
“ The Contractor is warned that the execution by him of a release in connection with the acceptance of the final payment, containing language purporting to reserve claims other than those herein specifically excepted, or for claims for amounts deducted by the Comptroller, shall not be effective to reserve such claims, notwithstanding anything stated to the contrary, *1089 orally or in writing by any officer, agent or employee of the State.
“ Should the Contractor refuse to accept the final payment as tendered by the Comptroller, it shall constitute a waiver of any right to interest thereon.” (Italics added.)
Claimant contracted with the State to perform improvement work on a portion of Hillside Avenue, which agreement was designated as Contract No. FARCM 61-8. The work was completed on or about January 1, 1967 and accepted by the State on April 28, 1967. Subsequent thereto the final agreement was executed by claimant on September 20, 1967. At the time of said execution claimant delivered an accompanying letter to the Department of Public Works (now the Department of Transportation), expressing its disagreement with the figures contained therein, and indicating that it would seek further reimbursement for damages sustained as the result of various interferences and delays occasioned during the course of the contract. Thereafter, on or about December 1, 1967, the State forwarded its check for $31,050.02 as the final payment on said contract. This check was deposited by claimant, and it was not until March 15, 1968, that claimant, having discovered for the first time that said check had been negotiated, mailed its own check in the same amount to the State with an accompanying letter stating that the State’s check had been deposited in error. This check, after a nine-month lapse, was returned by the State to the claimant with a notation that the original check reflected the final payment.
In its opposing papers claimant has set forth the circumstances surrounding the receipt and deposit of the check. The check was forwarded without any transmittal letter indicating what it purported to be, and the check itself bore no notation or legend as to its nature. Accordingly, since there was no indication that this particular check was anything other than a routine installment payment, one of the members of claimant’s clerical staff indorsed it by means of a rubber stamp and had it deposited. It was not until March that the error was discovered by one of claimant’s officers who immediately thereafter caused claimant’s own check to be forwarded to the State. Upon the facts as thus outlined, it is the opinion of the court that no acceptance was ever intended or effected. (Dalrymple Gravel & Contr. Co. v. State of New York, 19 N Y 2d 644.)
The State places reliance on the cases of Buffalo Elec. Co. v. State of New York (14 N Y 2d 453); Brandt Corp. v. City of New York (14 N Y 2d 217); and Rosenman Corp. v. State of New York (32 A D 2d 603). However, the court finds these cases to *1090 be distinguishable. In the first two, the claimants attempted to reserve additional claims while accepting final payment. In the last-cited case, claimant did not notify the State of the mistake until six months after learning that the check had been deposited. In the instant case, notice was given immediately upon claimant’s becoming aware of what had occurred. The motion is denied.